**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-05227 BKT** |
| **SURGIFIX INC** | **Chapter 7** |
| | **Adversary No. 17-00194** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS AS TRUSTEE FOR THE ESTATE OF SURGIFIX INC** | |
| **Plaintiff** | |
| vs. | |
| **HERNAN JOSE TORRES** **JOSE R FUMERO** | |
| **Defendant(s)** | **FILED & ENTERED ON 05/14/2018** |

**<u>OPINION & ORDER</u>**

Before the court is Co-Defendant, Jose R. Fumero's (hereinafter "JRF") *Motion to Dismiss* [Dkt. No. 33] and Plaintiff Chapter 7 Trustee Noreen Wiscovitch Rentas'(hereinafter the "Trustee") *Opposition to Motion to Dismiss* [Dkt. No. 41]. For the reasons set forth below, JRF's *Motion to*

*Dismiss* [Dkt. No. 33] is DENIED.

This case requires us to revisit the plausibility threshold that a complaint must cross in order to survive a motion to dismiss. We start our analysis by laying out the appropriate standard of review for a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] It is well-established that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). The court must take all of the pleaded factual allegations in the complaint as true. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents attached to it, and documents expressly incorporated into it. Id. Thus, a primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the oftentimes laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win. Plaintiffs are not required to submit evidence to defeat a Rule 12(b)(6) motion, but need only sufficiently allege in their complaint a plausible claim.

In the case at hand, JRF's motion to dismiss argues that the Trustee's allegations are speculative, unfounded, and not related to JRF. This argument is supported by an historical account

---

[1] Fed. R. Civ. P. 12(b)(6) is made applicable to bankruptcy proceedings by Fed. R .Bankr. P. 7012.

of the business relationship that existed between JRF and the other Co-Defendant, Hernan Jose Torres (hereinafter "Torres"). According to JRF's motion, shortly after Surgifix, Inc. (hereinafter "Debtor") was founded, and up to the filing of the voluntary petition, Torres had sole control of the Debtor's business and operations. Torres took control over Debtor's management and operations, and impeded JRF from obtaining financial and operational information from Debtor, as well as from administering the Debtor. In sum, Debtor has been managed without JRF's knowledge and consent since its founding before the purported transfers alleged by the Trustee were said to have taken place. Ultimately, Torres' illegal actions, which included concealment of information and deforcing of Debtor's management and assets, resulted in the filing of a complaint in state court against Debtor and Torres on or around January 2014.[2]   JRF alleges that the Trustee is attempting to recover fraudulent and/or preferential transfers that he had nothing to do with.

The Trustee's opposition argues that JRF makes a series of factual allegations that do not justify a motion to dismiss and require admissible evidence that would allow the court to reach a conclusion as to their veracity. JRF fails to submit any evidence of his involvement or lack thereof with Debtor and/or the general allegations of illegal actions and concealed information by Torres. At best, the Trustee states, JRF's factual allegations are subject to discovery proceedings, which have not occurred in the instant case, and the submission of admissible evidence that would allow the court to reach a conclusion regarding the alleged facts by JRF.

As previously stated, when evaluating a request for dismissal pursuant to Rule 12(b)(6), the

---

[2] JRF v. José H. Torres Sampayo; Alberto Sampayo; Surgifix, Inc., Civil Case Num. KPE 2014-0023 (904).

court must presume that all well plead allegations in the Complaint are true and look at the allegations in the light most favorable for the Plaintiff. The Plaintiff has alleged that both Co-Defendants are insiders pursuant Section 101 of the Code.[3] Also, that the financial records of the company show that during the preferential period for an insider, Co-Defendants received transfers of money from Debtor corporation as a fraudulent transfer, preferential transfer and/or unpaid debts. The Plaintiff's allegations stem from the bankruptcy petition and the Debtor's public and financial records. See Bankruptcy Petition, Legal Case No.15-05227 [Dkt. No. 1] and the Debtor's Statement of Financial Affairs [Dkt. No. 14]. There is no dispute that JRF is an insider of Debtor by virtue of his standing as Vice-President and Secretary of Debtor. Moreover, in the Complaints' "Third Cause of Action – Request for Turnover of Property pursuant to § 542(b)", the Trustee makes a specific allegation against JRF regarding an unpaid invoice for products sold and/or services rendered in the amount of $4,747.81, an allegation that JRF does not dispute in his motion to dismiss. By just denying JRF's involvement in the Debtor corporation, he fails to refute the "powerful presumption" which favors the Trustee's allegations.[4]

JRF's arguments are misplaced both at this stage of the proceedings, and procedurally.[5] In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 44 (1st Cir., 2012). The Trustee has met this burden. "The prima facie standard is an

---

[3] 11 U.S.C. Section (31)(B)

[4] Brever v. Rockwell Int'l Corp., 40 F.3d 1119 (10th Cir., 1994).

[5] With the submission of evidence to support his claim, a Summary judgment pursuant to Fed. R. Civ. P. 56 might have been a tenable alternative.

evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

For the reasons stated above, the JRF's *Motion to Dismiss* [Dkt. No. 33] is DENIED. JRF shall file an answer to the Complaint within twenty-one (21) days. The Clerk shall reschedule the Initial Scheduling Conference set for May 23, 2018 to a later date.

SO ORDERED

In San Juan, Puerto Rico, this 14th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge